UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gregory Matthew Cleveland, | ) | C/A No. 7:11-3073-TLW-BM |
|                    Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Barry Barnett, Solicitor, 7th Circuit Court, Spartanburg, SC; United States of America; Mr. William Norman Nettles, Office of the United States Attorney, Columbia, S.C., | ) | |
|                    Defendants. | ) | |

Gregory Matthew Cleveland ("Plaintiff"), proceeding *pro se*, brings this civil action seeking injunctive relief. Plaintiff is a pretrial detainee at the Spartanburg County Detention Center, and alleges that the Defendants have violated his constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). Notwithstanding this requirement, however, 28 U.S.C. § 1915, the *in forma pauperis* statute,



authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Such is the case here. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Background

Plaintiff alleges that on March 1, 2011, he was involved in a stand-off with officers from the Greer Police Department, where he may have possessed and used a firearm. Plaintiff alleges that he was arrested as a result of this incident, and that the Defendant Barry Barnett, the Seventh Circuit Solicitor, became involved with his state criminal case.[1] Plaintiff alleges that Barnett has failed to give information to the United States Attorney even though Barnett knows that Plaintiff was a convicted felon on March 1, 2011, and that Plaintiff may have violated federal laws. Plaintiff seems to allege that Barnett's conduct constitutes prosecutorial misconduct in violation of Plaintiff's constitutional right to equal protection and due process. Plaintiff alleges that he should

---

[1] This Court also takes judicial notice that Plaintiff filed a previous case in this Court against the United States, wherein this Court noted that Plaintiff was arrested on March 2, 2011, and various charges are pending against him in the Spartanburg County Court of General Sessions, including attempted murder, threatening a public employee, and possession of a weapon during a violent crime. *See* Report and Recommendation, *Cleveland v. United States*, C/A No. 9:11-1335-TLW-BM (D.S.C. June 20, 2011), ECF No. 12, ("*Cleveland I*"). *See also, Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In *Cleveland I*, Plaintiff sought a writ of mandamus to direct the United States to indict him on federal criminal charges. *See* Report and Recommendation, *Cleveland v. United States*, C/A No. 9:11-1335-TLW-BM (D.S.C. June 20, 2011), ECF No. 12. On July 19, 2011, this Court dismissed that action without prejudice and without requiring Respondent to file an answer or return. *See* Order, *Cleveland v. United States*, C/A No. 9:11-1335-TLW-BM (D.S.C. July 19, 2011), ECF No. 15, *aff'd* No. 11-6990 (4th Cir. Oct. 21, 2011), ECF No. 22.



currently be in the custody of the United States and that the United States Attorney should take jurisdiction of his case. He has also allegedly sent several letters to the United States Attorney but has not received a response.

Plaintiff requests the following relief: an injunction to halt the case in state court until the matter is heard in federal court; an order to direct Barry Barnett to notify the United States Attorney that Plaintiff may have violated federal gun laws on March 1, 2011; an order to direct the United States Attorney to investigate whether the Solicitor committed prosecutorial misconduct and violated Plaintiff's constitutional rights; and a "show cause" why Plaintiff should not be indicted for violating federal law.

Discussion

The Complaint fails to state a claim on which relief may be granted on several grounds. First, in *Younger v. Harris*, the Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). Here, Plaintiff's pending criminal case in state court is such a case where *Younger* abstention should apply. Further, the fact that Plaintiff's alleged misdeeds may have violated federal law is not a bar to prosecution under state law because both state and federal criminal charges may arise from the same conduct. *See Rinaldi v. United States*, 434 U.S. 22, 28

3



(1977) ("dual sovereignty" doctrine); and *United States v. Woolfolk*, 399 F.3d 590, 595 (4th Cir. 2005) (collecting cases). Thus, although Barry Barnett may not have prosecutorial immunity from this suit because Plaintiff only seeks injunctive relief, Plaintiff's claim against Barnett should be dismissed based on the *Younger* abstention doctrine. *Cf. Story v. Kopko*, C/A No. 3:09-2893-PMD, 2010 WL 430831, *3 (D.S.C. Feb. 5, 2010) (explaining prosecutorial immunity related to suits for injunctive or declaratory relief).

Moreover, as this Court previously explained in *Cleveland I*, Plaintiff does not have standing to seek a federal criminal prosecution of any person, including himself. *See Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (a private citizen does not have a judicially cognizable interest in the prosecution or non-prosecution of another person); *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R. S. v. Richard D.* and collecting cases). Thus, Plaintiff cannot force, directly or indirectly by asking for this Court's assistance, the United States to indict him for violations of federal laws. *Cf. Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2nd Cir. 1973) ("Federal courts have traditionally and, to our knowledge, uniformly refrained from overturning at the instance of a private person, discretionary decisions of federal prosecuting authorities not to prosecute persons regarding whom a complaint of criminal conduct is made."); *see also In Re Ellerbee*, 42 F. A'ppx 629 (4th Cir. Aug. 6, 2002). Accordingly, Plaintiff's claim against the United States and William Norman Nettles (the U. S. Attorney), which seeks to force a federal prosecution, has no arguable basis in law, and is further frivolous because it is essentially the same claim as previously filed and denied in *Cleveland I. See Nagy v. FMC Butner*, 376 F.3d 252, 256-57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d



1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

<u>Recommendation</u>

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

December 2, 2011
Charleston, South Carolina



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

